# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **FRIEDE GOLDMAN HALTER, INC., et al.,** | § § § | **Case No. 01-52173 (S.D. Miss.)** |
| Debtors. | § § § | (Jointly Administered) |

| | | |
|---|---|---|
| **FORREST LEWIS, JR.,** | § § § | |
| Plaintiff, | § § | Case No. _____ |
| vs. | § § § | (Case No. C-671181, 19th Judicial District Court, Baton Rouge, Louisiana) |
| **ANCO INSULATIONS, INC., et al.,** | § § § | |
| Defendants. | § § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, Trinity Industries, Inc. ("Trinity") files this Notice of Removal of Case No. C-671181 from the 19th Judicial District Court in and for Baton Rouge, Louisiana (the "Removed Action"),[1] to the United States Bankruptcy Court for the Middle District of Louisiana.

This Notice of Removal is filed in response to the initiation of the Removed Action, originally filed on July 3, 2018 and served via Louisiana Long Arm Statute LSA R.S. 13:3201 et seq. on Trinity on December 20, 2018, whereby asbestos-related claims are asserted against Trinity as an alleged successor to Gretna Machine & Iron Works L.L.C. ("Gretna").

---

[1] *Forrest Lewis, Jr. v. Anco Insulations, Inc., et al*, Case No. C-671181 (Louisiana, 19th Judicial District Court).

**Notice of Removal**             **Page 1**

Trinity is seeking relief from the United States Bankruptcy Court for the Southern District of Mississippi (the "Mississippi Bankruptcy Court") to reopen the above-captioned chapter 11 cases of FRIEDE GOLDMAN HALTER, Inc. and 33 of its then debtor affiliates (collectively, the "Debtors"), among which is Gretna.

Trinity has filed its Motion to Reopen the above-captioned chapter 11 cases (the "Motion to Reopen")[2] and anticipates filing a motion to transfer the Removed Action from this Court to the Mississippi Bankruptcy Court.  Trinity will seek a determination from the Mississippi Bankruptcy Court that the claims asserted in the Removed Action were discharged in the Debtors' prior chapter 11 cases and subject to enforcement of the discharge injunction under the confirmed chapter 11 plan as well as under federal bankruptcy law.

## BACKGROUND

1.     On April 19, 2001, the Debtors commenced their Chapter 11 cases in the Mississippi Bankruptcy Court.[3]  On December 30, 2003, the Debtors' Fourth Amended Joint Plan, dated as of December 30, 2003 [Dkt. #4538] (the "Plan"), was filed and the Mississippi Bankruptcy Court entered the Confirmation Order, dated as of December 30, 2003 [Dkt. #4539] (the "Confirmation Order"), the same day.  True and accurate copies of the Plan and Confirmation Order are attached hereto as **Exhibit A** and **Exhibit B** respectively and incorporated herein by these references.

2.     The Plan expressly provides that the Mississippi Bankruptcy Court retained jurisdiction to adjudicate "all matters arising out of, and related to" the Debtors' chapter 11 cases

---

[2] *Motion of Trinity Industries, Inc. to Reopen the Debtors' Bankruptcy Case Pursuant to Sections 105(a) and 350(b) of the Bankruptcy Code and Fed. R. Bankr. P. 5010* [Dkt. # 8046].
[3] *IN RE GRETNA MACHINE & IRON WORKS L.L.C.*, Case No. 01-52198 (Bankr. S.D. Miss.); *IN RE HALTER MARINE SERVICES, INC.*, Case No. 01-52182 (Bankr. S.D. Miss.); *IN RE HALTER MARINE, INC.*, Case No. 01-52183 (Bankr. S.D. Miss.); and *IN RE EQUITABLE SHIPYARDS, L.L.C.*, Case No. 01-52200 (Bankr. S.D. Miss.).

and to "determine all controversies, suits, and disputes that may arise in connection with the <u>interpretation, enforcement, implementation, or consummation of the Plan</u>." Exhibit A, § 12.1(h) (emphasis added). The Confirmation Order provides a discharge injunction in favor of the Debtors, including their "<u>successors</u>, or their assets or properties…based on any act or omission, transaction or other activity of any kind or nature that occurred <u>prior to the Confirmation Date</u>." Exhibit B, ¶ D (emphasis added). On May 9, 2013, the Mississippi Bankruptcy Court entered a final order closing the last of the Debtors' chapter 11 cases [Dkt. #7999].

3. Trinity is currently named as a defendant in multiple lawsuits filed in Louisiana state court (the "<u>State Court Lawsuits</u>") wherein the individual plaintiffs allege, *inter alia*, damages from mesothelioma and other health effects from exposure to asbestos during the terms of their employment with and/or while on the premises of Gretna, Halter Marine, Inc., Halter Marine Services, Inc. (together along with Halter Marine, Inc., "<u>Halter Marine</u>"), and/or Equitable Shipyards, L.L.C. ("<u>Equitable</u>"). The Removed Action is the most recent of these lawsuits filed against Trinity.

4. While each of these State Court Lawsuits has unique facts and allegations related to alleged pre-confirmation exposure to asbestos and other asbestos-containing products, the Removed Action and the other State Court Lawsuits all assert claims which allegedly arose from conduct that occurred pre-confirmation by Gretna, Halter Marine, or Equitable, all former chapter 11 debtors in the Mississippi Bankruptcy Court.

5. With respect to the Removed Action, Trinity is identified in the plaintiff's Supplemental and Amended Petition, filed on August 23, 2018 (the "<u>Amended Petition</u>") and

served on Trinity on December 20, 2018.[4] A true and accurate copy of the Amended Petition is attached hereto as **Exhibit C** and incorporated herein by this reference.

6. The Amended Petition asserts, *inter alia*, that the plaintiff's claims stem from the defendants' alleged conduct, which caused the plaintiff's exposure "to asbestos-containing products during the scope of his employment" by Gretna or while on the premises of Gretna from "approximately 1975 through 1976," and as a result, the plaintiff suffers from medical injuries, including mesothelioma and mental anguish. *See* Exhibit C, ¶ 45–46.

7. On January 17, 2019, in response, Trinity filed its Motion to Reopen the Debtors' chapter 11 cases, wherein it seeks relief from the Mississippi Bankruptcy Court to determine that the pre-confirmation claims asserted in the Removed Action were discharged in the Debtors' prior chapter 11 cases and subject to enforcement of the discharge injunction. A true and accurate copy of the Motion to Reopen is attached hereto as **Exhibit D**.

## PROCEDURAL ALLEGATIONS

8. This Court has jurisdiction over the Removed Action under 28 U.S.C. §§ 157 and 1334(b). Enforcement of the discharge injunction in the Confirmation Order and Plan under Section 524 of the Bankruptcy Code is a core proceeding under 28 U.S.C. § 157(b), resulting in federal jurisdiction of the claims.

9. This Court is the proper court to remove the action as it is the bankruptcy court for the district within which the Removed Action is pending. The Removed Action is not a proceeding before the United States Tax Court, nor is it a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. *See* 28 U.S.C. § 1452(a), Fed. R. Bankr. P. 9027(a)(1).

---

[4] Notably, Trinity was not identified in the plaintiff's original Petition for Damages, filed on July 3, 2018.

10. Promptly after filing this Notice of Removal, Trinity will provide written notice to counsel of record in the Removed Action and file a copy of this Notice of Removal with the clerk of the 19th Judicial District Court in and for Baton Rouge, Louisiana. Trinity will file a motion to transfer the Removed Action from this Court to the Mississippi Bankruptcy Court.

## CONCLUSION

Trinity provides notice that this action is removed from the 19th Judicial District Court in and for Baton Rouge, Louisiana.

Dated: January 18, 2019                    Respectfully submitted,

*s/ Jeffrey A. Clayman*
Barbara L. Arras
barbara.arras@phelps.com
Louisiana Bar No. 17908
Jeffrey A. Clayman
jeffrey.clayman@phelps.com
Louisiana Bar No. 30442
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

and

Omar J. Alaniz (*pro hac vice* pending)
omar.alaniz@bakerbotts.com
Texas Bar No. 24040402
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500

Counsel to Trinity Industries, Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that, on January 18, 2019, the foregoing document was submitted to the clerk of the U.S. Bankruptcy Court, Middle District of Louisiana, using the electronic case filing system (CM/ECF) of the court. I certify that the foregoing Notice of Removal was served on all known counsel of record in the Removed Action via electronic mail.

*s/ Jeffrey A. Clayman*
Jeffrey A. Clayman
