UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

FRIEDE GOLDMAN HALTER, INC., *ET AL.*  S.D. MISS. CASE NO. 01-52173
DEBTOR  CHAPTER 11

FORREST LEWIS, JR.
v.  M.D. LA. ADV. NO. 19-1003
ANCO INSULATIONS, INC., *ET AL.*

**MEMORANDUM OPINION**

Defendant Trinity Industries, Inc. ("Trinity") is a successor to Gretna Machine & Iron Works ("Gretna"). Plaintiff Forrest Lewis, Jr. alleges that during his employment at Gretna between 1975 and 1976 he was exposed to asbestos, which led to his developing mesothelioma. Gretna and thirty-three related debtors filed chapter 11 petitions in the Southern District of Mississippi (collectively, the "FGH reorganization")[1] in 2001. Their chapter 11 plans were confirmed in May 2003 and the reorganization was closed in May 2013.[2]

Fifteen years later Mr. Lewis filed suit against numerous defendants in the Nineteenth Judicial District of Louisiana alleging state law causes of action including failure to warn, loss of consortium, mental anguish and other tort-based theories of recovery.[3] His original petition did not name Trinity a defendant but he joined it in a December 2018 amended petition. Trinity timely removed Lewis's suit to this court in accordance with 28 U.S.C. §1452(a) and Fed. R.

---

[1] The case is known by the names of the lead debtors, Friede Goldman Halter, No. 01-52173 in the United States Bankruptcy Court for the Southern District of Mississippi.

[2] Trinity's Notice of Removal [P-1], p. 3, ¶ 2.

[3] Trinity exhibits nos. 8 & 9.

Bankr. P. 9027.  Trinity at the same time moved the bankruptcy court for the Southern District of Mississippi to reopen the FGH reorganization, intending to seek the transfer of Mr. Lewis's lawsuit there from this district for a determination that the FGH confirmation order's discharge injunction bars Mr. Lewis's suit.  The Mississippi bankruptcy court denied Trinity's motion to reopen on May 2, 2019,[4] a ruling Trinity has appealed.[5]

Mr. Lewis moves to remand his lawsuit to the Nineteenth Judicial District Court.  He contends that his state law claims cannot be tried in bankruptcy court and should not be in federal court in any case.

The court permissively abstains from hearing the case pursuant to 28 U.S.C. §1334(c)(1) and remands the case to the Nineteenth Judicial District Court.

FACTS and PROCEDURAL HISTORY

Trinity bought all the outstanding shares of Gretna Machine & Iron Works, Inc. (a Delaware corporation) in 1981 and formally merged Gretna into itself in 1983.[6]  Trinity then underwent corporate restructuring, transitioning from the Texas corporation that originally bought Gretna into a Delaware corporation.[7]  Trinity spun off Gretna into a newly formed Louisiana corporation in 1988 but retained Gretna's stock until 1996, when it transferred the stock and assets of Gretna to another spun-off entity, Halter Marine Group, Inc.[8]

---

[4] Bankr. S.D. Miss. Opinion and Order Denying Motion to Reopen, P-8102, p. 5 in case no. 01-52173.

[5] Notice of Notice of Appeal [P-116].

[6] Trinity's Response to Plaintiff's Post-Hearing Memorandum [P-109], p. 3.

[7] *Id.*

[8] *Id*.

Trinity claims that any responsibility it may have had for Gretna's debts ended there: "Pursuant to the Bill of Sale, Assignment and Assumption Agreement, all past and future liabilities arising out of any operations ever conducted by any entity at the Gretna Machine & Iron Works shipyard located in Harvey, Louisiana, including all liabilities for alleged asbestos exposure, were assumed by Halter Marine, Inc., a Nevada corporation, a wholly owned subsidiary of Halter Marine Group, Inc."[9]

The December 30, 2003 order confirming the FGH chapter 11 plan[10] included a discharge injunction that applies not only to the FGH debtors, but also their "successors, or their assets or properties…based on any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date."[11] Trinity contends that it is entitled to the protection of that discharge.

## ANALYSIS

### *Trinity's action is a "core" proceeding within the meaning of 28 U.S.C. §157.*

The first key dispute is whether this matter is core or non-core. Trinity argues that the proceeding is core and that this court has subject matter jurisdiction to retain the case. Mr. Lewis argues it is non-core and urges the court to abstain from hearing the matter under 28 U.S.C. §1334 and remand it to state court, the plaintiff's chosen forum.

Each party frames the issue differently, with Trinity arguing that its bankruptcy defense "arises under" bankruptcy law. Trinity relies on the United States Supreme Court's decision in *Travelers Indem. Co. v Bailey*[12] to support its contention that the bankruptcy court has subject

---

[9] *Id*.

[10] Trinity's Notice of Removal [P-1], p. 2, ¶ 1.

[11] Trinity's Notice of Removal [P-1], p. 3, ¶ 2.

[12] 557 U.S. 137, 129 S.Ct. 2195, 174 L. Ed. 2d 99 (2009).

matter jurisdiction to interpret and enforce its own confirmation order.  Conversely, Mr. Lewis relies on the 2013 closing of the FGH reorganization to argue that there is no "related to" jurisdiction and the case should be remanded for lack of subject matter jurisdiction.

Bankruptcy courts plainly have subject matter jurisdiction to interpret and enforce their own orders.[13]  The bankruptcy court for the Southern District of Texas recently faced a similar issue in *In re ABC Dentistry, P.A.*[14]  There a *qui tam* plaintiff and his counsel disputed the apportionment of a bankruptcy court's attorney fee award.  The court noted the significance the relief sought bears to a court's determining whether a given matter is core: "If the dispute between the parties consists of resolving the contract between [competing non-debtor claimants], Rohifard's view is correct and the Court lacks jurisdiction to adjudicate the dispute.  Conversely, if the dispute is based on the Court's enforcement of the November 7, 2017 Order [dividing settlement proceeds], the Court has continuing jurisdiction to interpret and enforce its own orders."[15]  The court concluded that "arising in or under" jurisdiction existed because the issue turned on interpretation of the bankruptcy court's order.[16]

***The state court has concurrent jurisdiction to interpret the FGH plan and confirmation order.***

The key issue here is whether the FGH confirmation order bars Mr. Lewis's lawsuit.  The Supreme Court's analysis in *Travelers v. Bailey* supports a conclusion that the bankruptcy court has subject matter jurisdiction to clarify or interpret that order.  But simply finding that the bankruptcy court has jurisdiction to clarify or interpret its order does not invariably lead to the

---

[13] *Id.* at 151.

[14] *Rohifard v. Brewer & Prichard, P.C. (In re ABC Dentistry, P.A.)*, 2019 WL 913356 (Bankr. S.D. Tex. Feb. 21, 2019).

[15] *Id.* at *3 (citing *Travelers Indem. Co. v. Bailey*).

[16] *Id.*

conclusion that the bankruptcy court has *exclusive* jurisdiction. As explained by the United States Supreme Court, "It is black letter law…that the mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action."[17] *See also Mid-City Bank, et al. v Skyline Woods Homeowners Ass'n, et al. (In re Skyline Woods Country Club, LLC)*, 431 B.R. 830, 835–36 (B.A.P. 8th Cir. 2010), *aff'd sub nom. In re Skyline Woods Country Club*, 636 F.3d 467 (8th Cir. 2011) (ruling that state courts had jurisdiction to interpret a bankruptcy court's sale order and that the bankruptcy court's denial of appellants' motion to reopen the debtor's bankruptcy was not an abuse of discretion because alternate relief was available in the state courts.).

Jurisdiction to interpret bankruptcy orders is not exclusive to the federal courts.[18] Further, a bankruptcy court's retention of jurisdiction over a specific dispute does not divest another court of concurrent jurisdiction where that court had it.[19] Therefore, the FGH plan's retaining bankruptcy court jurisdiction over various issues, including determining controversies that may arise in connection with the interpretation, enforcement, implementation or consummation of the plan,[20] does not divest the state court of jurisdiction to perform the same tasks if they possessed that jurisdiction.

Trinity conjures the specter of potentially conflicting interpretations of the FHG confirmation order in the several state courts in which Trinity has claimed the order's protection. But the Mississippi bankruptcy court has declined to reopen the FGH reorganization, concluding

---

[17] *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 479, 101 S. Ct. 2870, 2875–76, 69 L. Ed. 2d 784 (1981).

[18] *Kmart Creditor Trust v. Conway, et al. (In re Kmart Corp.)*, 307 B.R. 586, 596 (Bankr. E.D. Mich. 2004) ("[S]tate courts are qualified to interpret the language of bankruptcy plans and orders and routinely engage in such interpretation.").

[19] *Unico Holdings, Inc. v. Nutramax Prod., Inc.*, 264 B.R. 779, 785 (Bankr. S.D. Fla. 2001).

[20] FGH Fourth Amended Joint Plan, Trinity exhibit no. 2, pp. 43-44.

that reopening the case would be futile because Trinity is not entitled to discharge injunction protection. These findings leave no support for Trinity's claim that federal jurisdiction should be exercised in this case.

### *Mandatory abstention is not appropriate.*

Mr. Lewis contends that his claim comprises state law causes of action and, in his analysis, is—at most—"related to" a case under title 11. Lewis argues therefore that 28 U.S.C. §1334(c)(2) requires this court to abstain from hearing this dispute. That statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

A party seeking mandatory abstention must prove all the statutory requirements to prevail. Therefore, Lewis must prove: "(1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."[21]

Mr. Lewis's analysis fails to take into account diversity jurisdiction as an independent basis for federal jurisdiction. Counsel for Lewis argues that *Mugica v. Helena Chemical Co.*[22] supports his argument that there is no independent basis for federal jurisdiction.[23] There, the

---

[21] *Schuster v. Mims (Matter of Rupp & Bowman Co.),* 109 F.3d 237, 239 (5th Cir.1997).

[22] 362 B.R. 782 (Bankr. S.D. Tex. 2007).

[23] Plaintiff's Memorandum in Support of Motion to Abstain/Motion to Remand [P-15], p. 14: "The *Mujica (sic)* Court noted that as to the four factors stated above, it has already established that the claims have no independent basis for federal jurisdiction other than § 1334(b), like the *Lewis* case, and that the suit was non-core."

court found no independent basis for federal jurisdiction in a diverse action for gross negligence, malice, intentional infliction of emotional distress and strict liability against a chemical company that allegedly contaminated land purchased by land developers. But *Mugica* is readily distinguishable. That court relied on 28 U.S.C. §1446(b) to hold that a diversity case may not be removed if more than one year has passed since the commencement of the action. Because the Mugicas had sued more than two years before the defendants' removal, the court rejected the defendant's claim of federal jurisdiction based on diversity jurisdiction.

Lewis's case stands in stark contrast to the facts in *Mugica*. He filed his original petition for damages on July 3, 2018[24] and Trinity removed the action to federal court only six and one-half months later.[25] Contrary to Lewis's assertion, *Mugica* does not stand for the proposition that there is no basis for federal jurisdiction in this case apart from §1334. Further, plaintiff offers no other argument or evidence, aside from *Mugica*, to support his claim that §1334 is the sole basis for federal jurisdiction in this case.

Lewis cannot prove all the required statutory elements for mandatory abstention so the remedy is inappropriate.

### *Permissive abstention and equitable remand are appropriate.*

Having jurisdiction does not necessarily require its exercise. Section 1334 of title 28 empowers bankruptcy courts to abstain from presiding over matters. "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining

---

[24] Plaintiff's Memorandum in Support of Motion to Abstain/Motion to Remand [P-15], pdf. p. 5, ¶4.

[25] Trinity's Motion to Transfer Venue [P-19], p.5, ¶13: "In response to the underlying lawsuit of the Adverasary Proceeding as well as the other State Court Lawsuits, Trinity filed its Motion to Reopen on January 17, 2019 and subsequently removed the Adversary Proceeding from the 19th Judicial District Court in and for East Baton Rouge Parish, Louisiana to this Court on January 17, 2019…."

from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."[26] In interpreting this law, the Fifth Circuit has noted that "Nothing…prevents a court from permissively abstaining under § 1334(c)(1) where some, but not all, of the requirements for mandatory abstention are met. The decision to abstain or not to abstain is committed to the discretion of the district court, and we will affirm unless the court clearly abused its discretion."[27]

The permissive abstention analysis is driven by equitable considerations germane to the case.[28] Examining permissive abstention in this case in light of the requirements for mandatory abstention,[29] reveals several factors weighing in favor of abstention.

First, it is undisputed that the action was commenced in state court. Second, the action can be timely adjudicated in state court.[30] Lewis's counsel informed the court that prior to Trinity's removal, the case was on an accelerated trial schedule in state court but that its removal has compromised that accelerated schedule. Trinity disagrees but offered nothing to support its claim that the state court will not reimpose an accelerated schedule should this case be remanded. But even if Lewis cannot recover his accelerated trial schedule, it would be inequitable to hold the delay against Lewis when Trinity's removal alone interrupted the state court proceedings.

---

[26] 28 U.S.C. §1334(c)(1).

[27] *Gober v. Terra + Corp. (Matter of Gober)*, 100 F.3d 1195, 1206–07 (5th Cir. 1996) *abrogated on other grounds by Caton v. Trudeau* (*Matter of Caton*), 157 F.3d 1026, 1030 n. 18 (5th Cir.1998).

[28] *Official Comm. of Unsecured Creditors. v. Thornton (In re Schlotzsky's, Inc.)*, 351 B.R. 430, 434 (Bankr. W.D. Tex. 2006).

[29] *See* n. 27.

[30] Lewis argues that Louisiana law entitles him, due to his medical condition, to an accelerated trial schedule pursuant to La. Code Civ. P. art. 1573: "The court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy years or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference."

Additionally, the predominant issues in the case are based on state law claims,[31] an equitable consideration that is undeniably germane.

The facts thus overwhelmingly weigh in favor of permissive abstention. Even if the facts did not support permissive abstention, 28 U.S.C. §1452 authorizes a court to remand "on any equitable ground."[32] Permissive abstention and equitable remand both "favor comity and the resolution of state law questions by state courts."[33] In a footnote in *Browning v. Navarro*,[34] the Fifth Circuit set out an illustrative list of grounds supporting equitable remand, including *forum non conveniens*, prejudice to the involuntarily removed party, and a determination that a state court is better able to respond to questions involving state law. All of these apply in this case.

In summary, equitable considerations make litigation in the plaintiff's chosen forum the optimal solution.

## CONCLUSION

For these reasons, the court will permissively abstain under 28 U.S.C. §1334 from

---

[31] *See Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483 (1940) (holding that difficult state law questions are best litigated in the state court and remanding with instructions to submit the state law question to the state courts. "A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to State courts of particular controversies involving unsettled questions of State property law and arising in the course of bankruptcy administration.").

[32] 28 U.S.C. §1452(b): "The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." *See also Petroleum Engineers, Inc. v. Axis Onshore, L.P.*, 2011 WL 7083662, at *5 (M.D. La. Dec. 14, 2011) (court remanding a case based on permissive abstention under section 1334(c)(1) may rely on 28 U.S.C. §1452), report and recommendation adopted *sub nom. Petroleum Eng'g, Inc. v. Axis Onshore, L.P.*, 2012 WL 201726 (M.D. La. Jan. 23, 2012).

[33] *Briese v. Conoco-Phillips Co.*, 2009 WL 256591 at *7 (W.D. La. 2009).

[34] 743 F.2d 1069, 1076 fn. 21 (5th Cir. 1984).

hearing this case and remand Lewis's lawsuit to the Louisiana state court.

Baton Rouge, Louisiana, June 10, 2019.

s/ **Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE
